**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Kent and William Kent,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Physicians Business Services, L.L.C., et al.,<br><br>        Defendants. | No. CV-12-8082-PCT-PGR<br><br>ORDER |

In a complaint filed on April 30, 2012, the plaintiffs allege that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332. Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction. The Court will therefore require the plaintiffs to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case,

1  unless the defect be corrected by amendment.")

2  The complaint merely states that the plaintiffs are residents of Florida and that
3  the defendants are residents of Arizona.  These allegations are deficient as a matter
4  of law because an allegation of residency does not suffice for purposes of § 1332.
5  *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has
6  long been settled that residence and citizenship [are] wholly different things within
7  the meaning of the Constitution and the laws defining and regulating the jurisdiction
8  of the ... courts of the United States; and that a mere averment of residence in a
9  particular state is not an averment of citizenship in that state for the purpose of
10 jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir.
11 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But
12 the diversity jurisdiction statute, 28 U.S.C.
13 § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs'
14 state of citizenship was fatal to [the] assertion of diversity jurisdiction.")
15 The plaintiffs shall affirmatively set forth in the amended complaint the state of
16 citizenship of each individual defendant.

17 The citizenship of defendant Physicians Business Services, L.L.C., which the
18 complaint states is an Arizona limited liability company, is determined by the
19 citizenship of each member thereof. *See* Johnson v. Columbia Properties
20 Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate
21 traits, ... every circuit that has addressed the question treats them like partnerships
22 for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and
23 hold that, like a partnership, an LLC is a citizen of every state of which its
24 owners/members are citizens.")  Since the complaint fails to set forth the citizenship
25 of any member of this defendant, the Court will require the plaintiffs to specifically
26

identity in its amended complaint each LLC member by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.[1]

The plaintiffs are advised that their failure to timely or sufficiently comply with this order will result in the dismissal of this action for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the complaint in this action is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiffs shall file an amended complaint properly stating a jurisdictional basis for this action no later than **May 21, 2012.**[2]

IT IS FURTHER ORDERED that the plaintiffs shall immediately provide a copy of this order to any defendant already served with process.

DATED this 7th day of May, 2012.

Paul G. Rosenblatt
United States District Judge

---

[1] Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the amended complaint must set forth any sub-layers of partners or members the limited liability company may have.

[2] The parties are advised that the complete capitalization of a party's name in the caption of any document filed with the Court violates LRCiv 7.1(a)(3) unless that party's name is completely capitalized in its normal use. The caption of the amended complaint, and the captions of all future documents filed in this action, must comply with the local rule.